OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of Ohio
are being transmitted electronically beginning May 27, 1992,
pursuant to a pilot project implemented by Chief Justice Thomas
J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.  Your
comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

The State ex rel. Hunter v. Certain Judges of the Akron
Municipal Court et al.
[Cite as State ex rel. Hunter v. Certain Judges of the Akron
Mun. Court (1994),    Ohio St.3d    .]
Action in mandamus and prohibition dismissed when adequate
     remedy at law exists.
     (No. 93-783 -- Submitted September 14, 1994 -- Decided
November 30, 1994.)
     In Mandamus.
     In Prohibition.

     Harry A. Tipping Co., L.P.A., and John E. Holcomb, for
relator.
     Buckingham, Doolittle & Burroughs Co., L.P.A., Robert W.
Briggs, Mark J. Skakun, David L. Drechsler and C.D. Paragas, for
respondents Akron Municipal Court Judges.
     Max Rothal, Director of Law, and Laura A. Killian,
Assistant Director of Law, for respondents Akron City Council
and Mayor Donald L. Plusquellic.

     The action in mandamus and prohibition is dismissed because
relator has an adequate remedy at law.
     Moyer, C.J., A.W. Sweeney, Wright, Resnick and F.E.
Sweeney, JJ., concur.
     Douglas and Pfeifer, JJ., separately dissent.
     Douglas, J., dissenting.     Relator is the elected clerk
of the Akron Municipal Court.  She assumed her elected office on
December 16, 1991.  Respondents are judges of the Akron
Municipal Court, Akron City Council members, and Akron's Mayor.
     Prior to January 7, 1992, the management of the Data
Processing Department of the Akron Municipal Court, from the
inception of the department, was jointly placed with the office
of the elected clerk and the Akron Municipal Court judges.  By
journal entry, filed January 7, 1992, the judges of the Akron
Municipal Court ordered that:  "1.  The Data Processing
Department be placed under the exclusive control of the Judges
of the Akron Municipal Court; 2.  The three positions of manager
and two assistant managers of this department be hereby

transferred to the Judicial Division of the Akron Municipal Court under the same terms of employment as applied heretofore; 3. The budget for the Data Processing Department be transferred from the budget of the Akron Clerk of Courts to the budget of the Judicial Division of the Akron Municipal Court."

Pursuant to this order, the relator's manager of data processing was terminated, locks on the door housing the computer operations were changed and the security password for access to the computer was changed. By these actions, the judges assumed control of all of the automated records maintained by the relator-clerk. On January 13, 1992, the members of city council passed an ordinance taking funds from relator's budget and transferring the funds to the budget of the judges.

On December 28, 1992, the judges ordered that, pursuant to R.C. 1901.261(B)(1), an additional $5.00 of cost be assessed on the filing of each cause "* * * to provide additional funds for the operation, maintenance, and continued development of the Akron Municipal Court Information System (AMCIS)." This order was made effective January 1, 1993. On June 17, 1994, a year and one-half later, the judges entered a "Journal Entry Nunc Pro Tunc." In that entry (June 17, 1994), the judges indicated that the "* * * Journal Entry of December 28, 1992 was designed to provide funds for computerization and other technological expenses for all departments of the Court and the office of the Clerk of Courts [sic] pursuant to the provisions of both ORC {1901.216(A) [sic] and ORC {1901.216(B) [sic]."1 The entry goes on to indicate that "omission of a reference to the provisions of ORC {1901.216(A) was a clerical error * * *."2 The entry then orders that additional costs be assessed pursuant to R.C. 1901.261(A). No amount of additional costs was authorized in the June 17, 1994 entry, but the entry did provide that the $5.00 additional costs imposed by the December 28, 1992 entry be divided with $3.00 "* * * reserved and dedicated to computerize the Court * * * as described in ORC {1901.261(A)" and the remaining $2.00 of the original $5.00 be "* * * reserved and dedicated to computerize the office of the Clerk of Court as described in ORC {1901.261(B)." (Emphasis added.) All of this was made, by the entry, retroactive to January 1, 1993, and the entry also ratified previous distributions from the sums already collected.

Am.Sub.H.B. No. 405, effective January 1, 1993, enacted R.C. 1901.261(A), which provided, in pertinent part, that "[a] municipal court may determine that for the efficient operation of the court additional funds are required to make available computerized legal research services and, upon that determination, may include in its schedule of fees and costs * * * an additional fee not to exceed three dollars on the filing of each cause of action * * *." (Emphasis added.) By the same House Bill, R.C. 1901.261(B)(1) was enacted. In pertinent part, that section provided that: "[a] municipal court may determine that, for the efficient operation of the court, additional funds are required to computerize the office of the clerk of the court and, upon that determination, may include in its schedule of fees and costs * * * an additional fee not to exceed ten dollars on the filing of each cause of action * * *." (Emphasis added.) Thus, the law effective January 1, 1993 provided for

additional costs to be used for the computerization of the clerk's office but not the municipal court.

Subsequently, the General Assembly passed Sub.S.B. No. 246, effective March 24, 1993. In part, the Senate Bill amended R.C. 1901.261. In doing so, a subsection (1) of section (A) was created. In that subsection ([A][1] which was formerly just section [A]), the same language was used as formerly appeared in Am.Sub.H.B. No. 405 with the exception that language was added authorizing the use of any additional costs assessed to be used, also, "* * * to computerize the court * * *" as well as for the previously authorized computerized legal research services. The amount, $3.00, remained the same and subsection (B)(1) of R.C. 1901.261 remained substantially unchanged.

Thus, R.C. 2901.261(B)(1), which authorized the assessment of up to $10.00 additional costs for the computerization of the office of Municipal Clerk of Court, was effective January 1, 1993. R.C. 1901.261(A)(1), which authorized the assessment of up to $3.00 additional costs for the computerization of the municipal court, was not effective until March 24, 1993.

In response to these and other actions of the judges, relator filed in this court an action seeking writs of mandamus and prohibition. It is this matter that is now before us.

I

The majority dismisses relator's action for mandamus and prohibition on the basis that "* * * relator has an adequate remedy at law." The majority does not, of course, say what that "adequate remedy" is. Presumably the adequate remedy referenced by the majority is one for a declaratory judgment pursuant to R.C. Chapter 2721.

In State ex rel. Liberty Mills, Inc. v. Locker (1986), 22 Ohio St.3d 102, 104, 22 OBR 136, 137, 488 N.E.2d 882, 885-886, we said that: "[f]or a remedy at law to be adequate, the remedy should be complete in its nature, beneficial and speedy." In addition, the remedy must be adequate under the circumstances. State ex rel. Butler v. Demis (1981), 66 Ohio St.2d 123, 124, 20 O.O.3d 121, 122, 420 N.E.2d 116, 117. Further, in State ex rel. Fenske v. McGovern (1984), 11 Ohio St.3d 129, 11 OBR 426, 464 N.E.2d 525, at paragraph two of the syllabus, we held:

"The availability of an action for declaratory judgment does not bar the issuance of a writ of mandamus if the relator demonstrates a clear legal right thereto, although the availability of declaratory judgment may be considered by the court as an element in exercising its discretion whether a writ should issue. However, where declaratory judgment would not be a complete remedy unless coupled with ancillary relief in the nature of mandatory injunction, the availability of declaratory injunction [sic] is not an appropriate basis to deny a writ to which the relator is otherwise entitled." (Emphasis added.) See, also, State ex rel. Minutemen, Inc. v. Indus. Comm. (1991), 62 Ohio St.3d 158, 580 N.E.2d 777. Accordingly, the mere existence of another remedy does not bar the issuance of a writ of mandamus. State ex rel. Emmich v. Indus. Comm. (1947), 148 Ohio St. 658, 36 O.O. 265, 76 N.E.2d 710. Relator clearly does not have, under these authorities, an adequate remedy at law. The case should not be dismissed on that basis.

II

With regard to the judges' orders assessing additional

costs, much could be said, but most of what could be said is better left unsaid. The facts recited supra speak for themselves. It is clear and obvious that the judges were trying to do the right thing in assessing additional costs so as to finance computerization -- regardless of who would control the operation. R.C. 1901.261(B)(1), was effective January 1, 1993. The judges' entry of December 28, 1992, effective January 1, 1993, and assessing additional costs of $5.00 pursuant to R.C. 1901.261(B)(1), was valid -- for the computerization only of the office of the clerk of court. The judges' entry of June 17, 1994 assessing additional costs, effective January 1, 1993, pursuant to R.C. 1901.261(A)(1) was not valid. Authorization for assessment of additional costs for computerization of the court was not in effect until March 24, 1993.

III

With regard to the merits of the case, R.C. 1901.31 provides for the powers and duties of a clerk of a municipal court. Subdivisions (E) and (F) of R.C. 1901.31 make clear that the clerk must file and keep all journals, records, books and papers which pertain to the court and the clerk must receive, collect and issue receipts for all costs, fees, fines and bail due the court in connection with any proceeding falling within the jurisdiction of a municipal court. Given the volume of cases coming before the Akron Municipal Court (approximately 1,200 new filings, transfers and reactivations per week in 1993) (Ohio Courts Summary 1993, at 41), it should be clear that the clerk needs a computer to properly perform the duties that the statute mandates her to perform. Thus, whether well taken or not, it was proper for the clerk to raise the questions she has raised in the pending action. This is especially true, given R.C. 2921.44(E) and (F), which provide, in part, that:

"(E) No public servant shall recklessly fail to perform a duty expressly imposed by law with respect to his office * * *.

"(F) Whoever violates this section is guilty of dereliction of duty, a misdemeanor of the second degree."

R.C. 2901.22(C) provides that:

"A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."

I am certain that some will say I overstate the case. However, if I were the clerk and I recognized that the ultimate duty to protect and preserve the records of the court was mine and for any dereliction of that duty, I could be held responsible both criminally and politically and, further, that others with something less than my best interests at heart had equal access to and control over those records, I would also figure out some way to raise the issue so as to get a judicial pronouncement as to my rights as well as my duties. Today, we tell the relator to file some other action if she wants such a determination.

Finally, it should be pointed out that R.C. 1901.13, 1901.14, 1901.15 and 1901.16 address the powers of the municipal court and its judges. I have been unable to find in those

sections or any other section the right of the judges to control, direct or otherwise interfere with the operation of the clerk's office.

                              IV

In conclusion, I believe that by not taking cognizance of this case, this court fails to meet its responsibility. We are, in effect, saying, "let the fight continue." It is, of course, in the continuum the taxpayers of Akron and the litigants in the Akron Municipal Court who suffer. Given this court's expressed and active interest in alternative dispute resolution, the least we could do is practice what we preach and order mediation, conciliation and/or arbitration. This dispute is a political dispute and involves two parties within our own house. We should order it to be settled.

Not to decide is to decide. Because the majority, inappropriately, I believe, decides not to decide, I respectfully dissent.

FOOTNOTES:

1    It appears that the judges meant to reference R.C. 1901.261(A) and 1901.261(B) rather than R.C. 1901.216(A) and R.C. 1901.216(B), which do not exist. Perhaps yet another "nunc pro tunc" entry should be filed.

2    See fn. 1.

Pfeifer, J., dissenting. I concur with Justice Douglas' dissenting opinion that this court should settle the dispute at issue. I would resolve it in favor of the relator, the Clerk of the Akron Municipal Court.

The management of the court's computer system is the province of the clerk. It is the clerk, not the judges, who is responsible for the day to day ministerial functions of the court. If the clerk's performance is inadequate in some way, which never has been alleged in this matter, the judges have the remedy of putting on a journal entry directing the clerk to comply with their requested standards.