IN RE ESTATE OF SAMUEL DAVIS, SR., A.K.A. SAMUEL DAVIS.

[Cite as *In re Estate of Davis* (1996), 77 Ohio St.3d 45.]

(No. 96–991—Submitted September 10, 1996—Decided November 6, 1996.)

---

2. But, see, Juv.R. 37(B).

*Louis Davis*, pro se.

*Mathias Heck, Jr.*, Montgomery County Prosecuting Attorney, and *Richard W. Divine*, Assistant Prosecuting Attorney, for appellee Judge George J. Gounaris.

*Carretta, Brezine & Mort Co., L.P.A.*, and *Donald Brezine*, for appellees Michael R. Eckhart and Donald Brezine.

*Gordon H. Lewis*, pro se.

---

*Per Curiam.* Appellant claims that the court of appeals erred in dismissing his mandamus action. A writ of mandamus will not be issued when there is a plain and adequate remedy in the ordinary course of law. R.C. 2731.05; *State ex rel. Hunter v. Certain Judges of Akron Mun. Court* (1994), 71 Ohio St.3d 45, 46, 641 N.E.2d 722, 723.

All of the probate court orders challenged by appellant in his mandamus action could have been or can still be challenged by appeal. The fact that appeal is no longer available because of appellant's failure to file a timely appeal does not render the remedy inadequate. See *State ex rel. Schneider v. N. Olmsted City School Dist. Bd. of Edn.* (1992), 65 Ohio St.3d 348, 350, 603 N.E.2d 1024, 1026; *State ex rel. Cartmell v. Dorrian* (1984), 11 Ohio St.3d 177, 178, 11 OBR 491, 492, 464 N.E.2d 556, 558. Further, mandamus may not be employed as a substitute

for appeal from interlocutory probate court orders. *State ex rel. Newton v. Court of Claims* (1995), 73 Ohio St.3d 553, 555, 653 N.E.2d 366, 369. Appellant can still challenge such orders after a final judgment by the probate court.

As appellant concedes, he has not satisfied the prerequisites for the issuance of extraordinary relief in mandamus. Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.