**[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 45.]**

**IN RE ESTATE OF SAMUEL DAVIS, SR., A.K.A. SAMUEL DAVIS.**

**[Cite as *In re Estate of Davis*, 1996-Ohio-347.]**

*Mandamus action challenging probate court orders—Court of appeals does not err in dismissing mandamus action when plain and adequate remedy in the ordinary course of law exists.*

(No. 96-991—Submitted September 10, 1996—Decided November 6, 1996.)

APPEAL from the Court of Appeals for Montgomery County, No. 15658.

————————————

{¶ 1} In May 1996, appellant, Louis Davis, filed a complaint in the Court of Appeals for Montgomery County, challenging various decisions of Judge George J. Gounaris in probate court proceedings concerning the estate of appellant's deceased brother, Samuel Davis, Sr. Appellant requested that the court of appeals restore him as executor of his brother's estate, declare void the 1991 marriage between Mary Jo Marable a.k.a. Mary Jo Davis and the decedent, and order appellees to provide a detailed accounting of income and expenditures of the estate.

{¶ 2} The court of appeals subsequently ordered appellant to show cause why the case should not be dismissed because of his failure to adequately state whether his case was an original action or an appeal. After receiving appellant's response that his case was an original action in mandamus, the court of appeals permitted the case to proceed. In March 1996, the court of appeals dismissed the case on the basis that appellant had an adequate remedy by appeal. The court of appeals subsequently overruled appellant's motion for reconsideration.

{¶ 3} The cause is now before this court upon an appeal as of right.

————————————

*Louis Davis*, *pro se*.

*Mathias Heck, Jr.*, Montgomery County Prosecuting Attorney, and *Richard W. Divine*, Assistant Prosecuting Attorney, for appellee Judge George J. Gounaris.

*Carretta, Brezine & Mort Co., L.P.A.*, and *Donald Brezine*, for appellees Michael R. Eckhart and Donald Brezine.

*Gordon H. Lewis, pro se*.

_____

*Per Curiam.*

{¶ 4} Appellant claims that the court of appeals erred in dismissing his mandamus action. A writ of mandamus will not be issued when there is a plain and adequate remedy in the ordinary course of law. R.C. 2731.05; *State ex rel. Hunter v. Certain Judges of Akron Mun. Court* (1994), 71 Ohio St.3d 45, 46, 641 N.E.2d 722, 723.

{¶ 5} All of the probate court orders challenged by appellant in his mandamus action could have been or can still be challenged by appeal. The fact that appeal is no longer available because of appellant's failure to file a timely appeal does not render the remedy inadequate. See *State ex rel. Schneider v. N. Olmsted City School Dist. Bd. of Edn.* (1992), 65 Ohio St.3d 348, 350, 603 N.E.2d 1024, 1026; *State ex rel. Cartmell v. Dorrian* (1984), 11 Ohio St.3d 177, 178, 11 OBR 491, 492, 464 N.E.2d 556, 558. Further, mandamus may not be employed as a substitute for appeal from interlocutory probate court orders. *State ex rel. Newton v. Court of Claims* (1995), 73 Ohio St.3d 553, 555, 653 N.E.2d 366, 369. Appellant can still challenge such orders after a final judgment by the probate court.

{¶ 6} As appellant concedes, he has not satisfied the prerequisites for the issuance of extraordinary relief in mandamus. Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

January Term, 1996

---