[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
* * * * *
This matter is before the court as an original action. Jeffrey J. Helmick, relator, seeks a writ of prohibition to be issued to Charles Wittenberg, judge of the Lucas County Court of Common Pleas, respondent. Relator's petition seeks a writ to prevent the respondent from compelling relator to comply with an order which denied relator's motion to quash a subpoena. Relator contends that the previously issued subpoena orders him to produce a letter in violation of his attorney/client and work product privileges. A contempt hearing is scheduled for March 24, 1998.
Respondent has filed a motion to dismiss the petition, pursuant to Civ.R. 12(B)(6). Respondent argues that relator fails to state a claim upon which relief can be granted.
In order to grant a motion to dismiss pursuant to Civ.R. 12(B)(6), it must appear beyond doubt that relator can prove no set of facts in support of his claim which would entitle him to relief. York v. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143. When making this determination, we must presume that all factual allegations of the petition are true and make all reasonable inferences in favor of the nonmoving party. Id.
A writ of prohibition is an extraordinary writ issued to prevent a court from proceeding in a judicial matter in which it seeks to exercise a jurisdiction which it does not have under the law. State ex rel. News Herald v. Ottawa Cty. Court of CommonPleas (1996), 77 Ohio St.3d 40; and State ex rel. Tempero v.Colopy (1962), 173 Ohio St. 122, paragraph two of the syllabus. Therefore the writ is a preventive rather than a corrective remedy. State ex rel. Stefanick v. Municipal Court of Marietta
(1970), 21 Ohio St.2d 102, 104. It is not an appropriate remedy for the correction of errors or a remedy to prevent a court from making an erroneous decision if it has subject matter jurisdiction over the case. State ex rel. Winnefeld v. Butler Cty. Court ofCommon Pleas (1953), 159 Ohio St. 225, paragraph one of the syllabus; and Kelley v. State ex rel. Gellner (1916), 94 Ohio St. 331, paragraph three of the syllabus.
In order for a writ of prohibition to issue, a relator must establish: "`(1) that the court or officer against whom it is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of such power is unauthorized by law, and (3) that the refusal of the writ will result in injury for which no other adequate remedy exists.'" State ex rel. Fyffe v. Pierce
(1988), 40 Ohio St.3d 8, 9, quoting Commercial Savings Bank v.Wyandot Cty. Court of Common Pleas (1988), 35 Ohio St.3d 192, 193.
The writ is not generally allowed where the error asserted may be corrected by way of appeal. State ex rel. Hunterv. Certain Judges of the Akron Mun. Court (1994), 71 Ohio St.3d 45,46. However, the appellate court has the power to and may, in its discretion, issue the writ even though an appeal is possible.State ex rel. Tempero v. Colopy, 173 Ohio St. at 122, paragraph three of the syllabus.
Since the issuance of the subpoena and the denial of the motion to quash the subpoena have already occurred in this case, a writ of prohibition could not be issued with respect to those orders. Therefore, the only issue in this case is whether a writ of prohibition should be allowed to prevent the lower court from holding the contempt hearing and finding relator to be in contempt.
The Ohio Supreme Court has already held that a writ of prohibition is not allowed to prevent a court from exercising its jurisdiction to conduct contempt proceedings because there is an adequate remedy at law. State ex rel. Mancino v. Campbell (1993),66 Ohio St.3d 217, 220; and State ex rel. Gilligan v. Hoddinott
(1973), 36 Ohio St.2d 127.
We hold, therefore, that relator can prove no set of facts entitling him to relief and dismiss his complaint for prohibition. Relator is hereby ordered to pay the court costs for instituting this action.
It is so ordered.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.