THE STATE EX REL. ARNOLD, APPELLANT, *v.* REID, JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. Arnold v. Reid* (1999), 85 Ohio St.3d 147.]

(No. 98–2468—Submitted February 9, 1999—Decided March 31, 1999.)

*Waymon Arnold, pro se.*

———

**Per Curiam.** Arnold asserts in his sole proposition of law that the court of appeals erred by dismissing his mandamus action. Arnold's assertion is meritless.

Arnold had an adequate legal remedy by appeal to raise his claim concerning the trial court's alleged failure to journalize decisions relating to the speedy-trial provisions. See *State v. King* (1994), 70 Ohio St.3d 158, 162, 637 N.E.2d 903, 906; *State v. Mincy* (1982), 2 Ohio St.3d 6, 2 OBR 282, 441 N.E.2d 571, syllabus. Unlike *State ex rel. Grove v. Nadel* (1998), 81 Ohio St.3d 325, 691 N.E.2d 275, appellees' alleged failure to journalize these entries did not preclude an appeal raising this issue.

In addition, appeal and postconviction relief are not rendered inadequate by the fact that Arnold can no longer raise this issue on appeal or claim ineffective assistance of counsel in a postconviction relief petition for failing to raise this issue in his direct appeal. Cf. *In re Estate of Davis* (1996), 77 Ohio St.3d 45, 46, 671 N.E.2d 9, 10.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.