DECISION
{¶ 1} On April 23, 2002, petitioner, Joseph Daniel, filed with this court a petition for a writ of habeas corpus, seeking a ruling declaring null and void a 1995 judgment finding him guilty of aggravated assault. That complaint was subsequently referred to a magistrate of this court on May 8, 2002, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. Thereafter, on May 13, 2002, respondent, State of Ohio, filed a Civ.R. 12(B) motion to dismiss this petition for failure to state a claim upon which relief may be granted. On May 31, 2002, the magistrate presented the court with a decision and recommendation, which contains comprehensive and appropriate findings of fact and conclusions of law. (Attached as Appendix A.) This matter is now before the court upon the petitioner's July 5, 2002 objections to the decision and recommendation of the magistrate.
{¶ 2} In DeHart v. Aetna Life Ins. Co. (1982), 69 Ohio St.2d 189,192, the Ohio Supreme Court explained that "it is a fundamental tenet of judicial review in Ohio that courts should decide cases on the merits." The Ohio Supreme Court continued, "[j]udicial discretion must be carefully — and cautiously — exercised before this court will uphold an outright dismissal of a case on purely procedural grounds." Id. However, there have been untold numbers of cases properly dismissed by the courts of this state pursuant to Civ.R. 12(B)(6).
{¶ 3} A Civ.R. 12(B)(6) motion to dismiss is a procedural motion designed to test the sufficiency of a complaint. Thompson v. Cent. Ohio Cellular, Inc. (1994), 93 Ohio App.3d 530, 538, citing State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545. The standard to be applied in determining whether or not to dismiss a complaint pursuant to Civ.R. 12(B)(6) is set forth in O'Brien v. University Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242. In O'Brien, the Ohio Supreme Court stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 245, quoting Conley v. Gibson (1957), 355 U.S. 41, 45, 78 S.Ct. 99, 101. See, also, Toledo v. Thomas (1989), 60 Ohio App.3d 42; and Kotyk v. Rebovich (1993),87 Ohio App.3d 116.
{¶ 4} The magistrate set forth the following in her decision:
{¶ 5} "In his petition in habeas corpus, petitioner contends that his criminal conviction is null and void based on the statute of limitations in R.C. 2901.13(A)(1) and R.C. 2901.13(E). However, habeas corpus is an extraordinary civil remedy to obtain freedom from illegal detention. It is not available if the petitioner has a plain and adequate remedy in the ordinary course of the law. State ex rel. Hunter v. Certain Judges of the Akron Mun. Court (1994), 71 Ohio St.3d 45; State ex rel. Hunter v. Patterson (1996), 75 Ohio St.3d 512. Most errors or defects in a criminal proceeding may be challenged on appeal, and where appeal is or was available, habeas corpus does not lie. Freeman v. Maxwell (1965), 4 Ohio St.2d 4, certiorari denied (1966), 382 U.S. 1017. A claimed violation of constitutional rights or an error in the sentence is reviewable on appeal and, accordingly, is not cognizable in habeas corpus. Walker v. Maxwell (1965), 1 Ohio St.2d 136. Also, the availability of proceedings for post-conviction relief is grounds for denying habeas corpus. Gerhart v. Tate (1987), 33 Ohio St.3d 120."
{¶ 6} Having now completed our own independent review, this court concludes that the magistrate properly applied the applicable law to the case at bar. Petitioner's objections are therefore overruled.
{¶ 7} Finding no error in either the magistrate's decision or analysis, pursuant to Civ.R. 53(E)(4)(b), we hereby adopt the magistrate's May 31, 2002 decision as our own, including the findings of fact and conclusions of law rendered therein. Therefore, in accordance with that decision, respondent's motion to dismiss the petitioner's application for a writ of habeas corpus is granted.
Objections overruled; motion to dismiss granted.
TYACK, P.J., and DESHLER, J., concur.
 APPENDIX A IN HABEAS CORPUS ON MOTION TO DISMISS
{¶ 8} Petitioner, Joseph Daniel, filed the present action in habeas corpus, asking that this court declare null and void a 1995 judgment finding him guilty of a criminal offense. On May 13, 2002, respondent filed a motion to dismiss. For the reasons set forth below, the magistrate recommends that the court dismiss this action under Civ.R. 12(B) because the petition does not state a claim upon which relief in habeas corpus may be granted.
{¶ 9} The Petition in Habeas Corpus:
{¶ 10} 1. Joseph Daniel ("petitioner") asserts that he was found guilty, after trial by jury, of the offense of aggravated assault, a felony of the fourth degree. He states that, on May 1, 1995, the Franklin County Common Pleas Court entered a judgment of conviction and sentence imposing imprisonment of eighteen months and a fine of $1,500.
{¶ 11} 2. Petitioner alleges that his criminal conviction is null and void because the statute of limitations had expired, and the sentencing court lacked jurisdiction.
{¶ 12} 3. The petition indicates that petitioner is not currently in the custody of a state officer or institution. According to the petition, he was sentenced in May 1995, seven years ago, to eighteen months of imprisonment. Second, petitioner states that he resides at an address on a residential street in Hilliard, Ohio. Third, he does not allege that he is currently in state custody nor identify a state officer who is unlawfully detaining him.
{¶ 13} 4. Petitioner alleges that his "liberty is subject to various substantial legal restraints associated with his conviction for a felony offense of violence" such as legal disability to possess a firearm, legal restrictions upon professional licensing and occupational certification by the state and federal governments, and enhanced criminal liability for any future prosecutions for alleged criminal offenses.
{¶ 14} 5. In his prayer for relief, petitioner asks that, upon hearing, "this Court declare the judgment of conviction entered in Franklin County Common Pleas Court case no. 88CR-02-331 to be null and void."
{¶ 15} Conclusions of Law:
{¶ 16} The magistrate concludes that the court should dismiss this original action under Civ.R. 12(B). In reaching this conclusion, the magistrate has accepted the factual allegations in the petition. Unauthenticated documents attached to the petition were treated as factual allegations and accepted as well. The magistrate has relied solely on the insufficiency of the petition, disregarding any factual allegations made by respondent in its motion to dismiss.
{¶ 17} In his petition in habeas corpus, petitioner contends that his criminal conviction is null and void based on the statute of limitations in R.C. 2901.13(A)(1) and R.C. 2901.13(E). However, habeas corpus is an extraordinary civil remedy to obtain freedom from illegal detention. It is not available if the petitioner has a plain and adequate remedy in the ordinary course of the law. State ex rel. Hunter v. Certain Judges of the Akron Mun. Court (1994), 71 Ohio St.3d 45; State ex rel. Hunter v. Patterson (1996), 75 Ohio St.3d 512. Most errors or defects in a criminal proceeding may be challenged on appeal, and where appeal is or was available, habeas corpus does not lie. Freeman v. Maxwell (1965), 4 Ohio St.2d 4, certiorari denied (1966), 382 U.S. 1017. A claimed violation of constitutional rights or an error in the sentence is reviewable on appeal and, accordingly, is not cognizable in habeas corpus. Walker v. Maxwell (1965), 1 Ohio St.2d 136. Also, the availability of proceedings for post-conviction relief is grounds for denying habeas corpus. Gerhart v. Tate (1987) 33 Ohio St.3d 120.
{¶ 18} The required contents of a petition in habeas corpus are set forth in R.C. 2725.04(D), including that petitioner must attach any commitment papers to his petition.
{¶ 19} In the present action, petitioner does not allege that he availed himself of his right to appeal his 1995 conviction. Nor does petitioner allege that he availed himself of postconviction proceedings regarding the alleged error in the trial court. Petitioner does not allege that he received ineffective assistance of counsel during his trial or on direct appeal.
{¶ 20} Moreover, petitioner does not allege that he is illegally in custody. Indeed, he does not seek a release from detention. Instead, petitioner seeks only a declaration. Under R.C. 2721.03, the declaratory judgment statute, any person whose rights are affected by a statute may have determined any question of construction or validity arising under such statute, and obtain a declaration of his rights under it:
 Any person * * * whose rights * * * are affected by a constitutional provision, statute, * * * or franchise, may have determined any question of construction or validity arising under such instrument, constitutional provision, statute, * * * or franchise and obtain a declaration of rights, status, or other legal relations thereunder.
{¶ 21} Here, petitioner seeks a declaration that his conviction was void due to the statute of limitations, and the nature of the controversy falls within the declaratory judgment provision.
{¶ 22} The magistrate concludes that dismissal is warranted on a variety of grounds. First, petitioner had numerous remedies in the ordinary course of law, and the extraordinary remedy of habeas corpus is not warranted here. Petitioner had the right to challenge the legality of his conviction on direct appeal. He had the opportunity to challenge his conviction in a petition for postconviction relief. He could have attempted a delayed appeal on the grounds of ineffective assistance of appellate counsel. When incarcerated, he could have sought a writ of habeas corpus. Second, petitioner has not attached commitment papers demonstrating that he is in the custody of a state officer to whom a writ could be directed.
{¶ 23} Third, and in the alternative, the magistrate observes that petitioner seeks a declaration of the law and a declaration of his rights, and this court does not have jurisdiction to issue a declaratory judgment.
{¶ 24} Accordingly, the magistrate recommends that this court dismiss petitioner's petition for failure to state a claim on which relief in habeas corpus may be granted.