[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 76.]

THE STATE EX REL. ATKINS, APPELLANT, *v.* HOOVER, JUDGE, APPELLEE.

[Cite as *State ex rel. Atkins v. Hoover*, 2002-Ohio-5313.]

*Mandamus to compel municipal court judge to rule on relator's postjudgment motion to appoint an official court reporter—Dismissal of complaint affirmed.*

(No. 2002-0620—Submitted August 27, 2002—Decided October 16, 2002.)

APPEAL from the Court of Appeals for Summit County, No. 20846.

————————————

**Per Curiam.**

{¶1} In 2001, the Cuyahoga Falls Municipal Court convicted appellant, Sanford Atkins, on a charge of dog at large, in violation of Twinsburg Codified Ordinances 505.01, and sentenced him. On appeal, the Court of Appeals for Summit County affirmed the judgment of the municipal court. *Twinsburg v. Atkins* (Oct. 3, 2001), Summit App. No. 20510, 2001 WL 1162834. In its decision, the court of appeals held that it could not consider the transcripts that Atkins had submitted as part of the record on appeal because they had not been certified by an official court reporter.

{¶2} On October 5, 2001, Atkins filed a motion in the municipal court to appoint Beth Richards as an official court reporter in his criminal case so that she could transcribe excerpts of his March 2001 trial. On October 9, 2001, Atkins filed a motion for reconsideration in the court of appeals.

{¶3} On November 15, 2001, slightly over a month after he had filed his postjudgment motions, Atkins petitioned for a writ of mandamus to compel appellee, Judge Kim Hoover of the municipal court, to rule on his motion to appoint an official court reporter. The court of appeals granted appellee's motion and dismissed the cause.

**{¶4}** In his appeal as of right, Atkins asserts that the court of appeals erred in dismissing his mandamus action. We find Atkins's contentions to be meritless and affirm the judgment of the court of appeals for the following reasons.

**{¶5}** First, to the extent that Atkins's mandamus claim could be construed as seeking the granting of his postconviction motion to appoint an official court reporter rather than merely seeking a ruling on his motion, he had adequate remedies by App.R. 9 and appeal to correct any material omissions from his trial court record. *State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas* (2000), 88 Ohio St.3d 176, 177, 724 N.E.2d 420. The fact that these remedies may no longer be available does not render these remedies inadequate. *In re Estate of Davis* (1996), 77 Ohio St.3d 45, 46, 671 N.E.2d 9.

**{¶6}** Second, Atkins's preeminent claim on appeal—that the court of appeals erred in failing to consider the transcripts Atkins sought to admit as supplemental record in the direct appeal from his criminal conviction—should have been pursued in an appeal from the judgment of the court of appeals rather than in a mandamus action in which the court of appeals is not a respondent. See *State ex rel. Heck v. Kessler* (1995), 72 Ohio St.3d 98, 100, 647 N.E.2d 792 ("Generally, the availability of a discretionary appeal is an adequate remedy that will preclude a writ of mandamus").

**{¶7}** Finally, insofar as Atkins seeks to compel Judge Hoover to issue a ruling on his postjudgment motion for the appointment of an official court reporter, procedendo is the more appropriate means to remedy an inferior court's refusal or failure to timely dispose of a pending action. *State ex rel. Watkins v. Eighth Dist. Court of Appeals* (1998), 82 Ohio St.3d 532, 534-535, 696 N.E.2d 1079. And a writ of mandamus will not generally issue to compel a court to release its decisions promptly. See *State ex rel. Luna v. Huffman* (1996), 74 Ohio St.3d 486, 488, 659 N.E.2d 1279, and cases cited therein. Although Judge Hoover *should* expeditiously rule on Atkins's motion, at the time Atkins filed this action for extraordinary relief,

2

which was less than two months after he had filed his motion, no undue delay had occurred.

{¶8} Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

Sanford Atkins, pro se.

Virgil E. Arrington, Jr., Cuyahoga Falls Director of Law, and Hope L. Jones, Deputy Law Director, for appellee.

————————————