[Cite as *Majid v. Sutula*, 2011-Ohio-3993.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97019

## ARIF MAJID

RELATOR

vs.

## JUDGE KATHLEEN A. SUTULA

RESPONDENT

## JUDGMENT:
## COMPLAINT DISMISSED

Writ of Mandamus

Sua Sponte Order No. 446331

**RELEASE DATE:**      August 9, 2011

**FOR RELATOR**

Arif Majid, pro se
Inmate No. 492-322
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio    44901


**ATTORNEY FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio    44113


EILEEN A. GALLAGHER, J.:

**{¶ 1}**   On July 8, 2011, the relator, Arif Majid, commenced this mandamus action to compel the respondent, Judge Kathleen Sutula, to rule upon and issue findings of fact and conclusions of law for a motion for new trial that he filed on May 19, 2011 in the underlying case, *State of Ohio v. Arif Majid*, Cuyahoga County Common Pleas Court Case No. CR-474447.   For the following reasons, this court dismisses the complaint for a writ of mandamus, sua sponte.

**{¶ 2}**   First, an inordinate amount of time has not elapsed to warrant mandamus to compel a ruling.   Sup.R. 40(A)(3) provides that motions should be ruled upon within

120 days from date of filing. Thus, a mandamus complaint to compel a ruling on a motion that has been pending approximately two months is premature. *State ex rel. Rodgers v. Cuyahoga Cty. Court of Common Pleas* (1992), 83 Ohio App.3d 684, 615 N.E.2d 689, and *State ex rel. Atkins v. Hoover*, 97 Ohio St.3d 76, 2002-Ohio-5313, 776 N.E.2d 99.

{¶ 3} Moreover, mandamus does not lie for prospective relief. "Mandamus will not lie to remedy the anticipated nonperformance of a duty. '*** The function of mandamus is to compel the performance of a present existing duty as to which there is a default. It is not granted to take effect prospectively, and it contemplates the performance of an act which is incumbent on the respondent when the application for a writ is made.' *State ex rel. Federal Homes Properties, Inc. v. Singer* (1967), 9 Ohio St.2d 95, 96." *State ex rel. Home Care Pharmacy, Inc. v. Creasy* (1981), 67 Ohio St.2d 342, 343-344, 423 N.E.2d 482. The Supreme Court reaffirmed this principle in *Ohio Dept. of Adm. Serv. v. State Emp. Relations Bd.* (1990), 54 Ohio St.3d 48, 53, 562 N.E.2d 125 — "* * * we do not issue an anticipatory writ of mandamus." See, also, *Mihocka v. Ziegler* (1971), 28 Ohio Misc. 105, 109, 274 N.E.2d 583 — "Mandamus, of course, will not lie in anticipation of an omission of duty, regardless how strong the presumption may be that the person will refuse to perform their duty when the proper time arrives."

{¶ 4} Next, the petition is defective because it is improperly captioned. Majid styled this petition as "*Arif Majid v. Kathleen A. Sutula*." R.C. 2731.04 requires that an

application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition. *Maloney v. Court of Common Pleas of Allen Cty.* (1962), 173 Ohio St. 226, 181 N.E.2d 270.

{¶ 5} Relator also did not comply with R.C. 2969.25(C), which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This also is sufficient reason to deny the mandamus, deny indigency status, and assess costs against the relator. *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842, and *State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas*, 88 Ohio St.3d 176, 2000-Ohio-285, 724 N.E.2d 420.

{¶ 6} Accordingly, this court dismisses this complaint for a writ of mandamus, sua sponte. Relator to pay costs. This court directs the Clerk of the Eighth District Court of Appeals to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

Complaint dismissed.

---

EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KATHLEEN A. KEOUGH, J., CONCUR