[Cite as *Robinson v. Cuyahoga Cty. Common Pleas Court*, 2016-Ohio-497.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103589**

## JODY ROBINSON

RELATOR

vs.

## CUYAHOGA COUNTY COMMON PLEAS COURT

RESPONDENT

**JUDGMENT:**
COMPLAINT DISMISSED

Writ of Mandamus
Motion No. 489959
Order No. 492559

**RELEASE DATE:** February 8, 2016

**FOR RELATOR**

Jody E. Robinson, pro se
Inmate No. 0191006
Cuyahoga County Jail
P.O. Box 5600
Cleveland, Ohio 44113


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:   James E. Moss
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

By:   Willie Mitchell
Assistant County Prosecutor
4261 Fulton Parkway
Cleveland, Ohio   44114

MARY J. BOYLE, J.:

{¶1} Jody E. Robinson has filed a complaint for a writ of mandamus in order to compel the Cuyahoga County Court of Common Pleas to issue rulings on 12 pro se motions that were filed in *State v. Robinson*, Cuyahoga C.P. No. CR-15-598539. We decline to issue a writ of mandamus on behalf of Robinson.

{¶2} Initially, we find that Robinson's complaint for a writ of mandamus is defective for the following reasons:

1) Failure to comply with R.C. 2969.25(A), which mandates that any inmate that commences a civil action against a government entity or employee must file an affidavit that contains a description of each civil action or appeal of a civil action that an inmate has filed in the previous five years in any state or federal court. *Clarke v. McFaul*, 8th Dist. Cuyahoga No. 89447, 2007-Ohio-2520.

2) Failure to comply with R.C. 2969.25(C), which provides that any inmate that files a complaint against a government entity or employee must include a statement that sets forth the balance in his inmate account for the preceding six months, as certified by the institutional cashier. *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634. It must also be noted that the subsequent filing of the statement does not cure the defect. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982.

3) Failure to comply with R.C. 2731.04, which provides that a party filing an original action for mandamus must bring the action in the name of the state on relation of

the person applying. *Rust v. Lucas Cty. Bd. of Elections*, 108 Ohio St.3d 139, 2005-Ohio-5795, 841 N.E.2d 766.

4) Failure to comply with Civ.R. 10(A), which requires that the addresses of all parties be listed in the caption of the original action. *State ex rel. Tate v. Callahan*, 8th Dist. Cuyahoga No. 85615, 2005-Ohio-1202.

{¶3} Finally, Robinson has failed to establish that he is entitled to a writ of mandamus in order to compel the Cuyahoga County Court of Common Pleas to render rulings on 12 motions that were filed between September 9, 2015, and September 22, 2015. An extraordinary writ of mandamus, to compel rulings on motions that have been pending less than 120 days, is premature. *See* Sup.R. 40(A)(3); *Majid v. Sutula*, 8th Dist. Cuyahoga No. 97019, 2011-Ohio-3993; *State ex rel. Huffman v. Ambrose*, 8th Dist. Cuyahoga No. 95546, 2010-Ohio-5376.

{¶4} It must also be noted that even if more than 120 days had lapsed since the filing of Robinson's pro se motions, this court is not required to issue a writ of mandamus to compel rulings on the motions.

> Moreover, even the passing of one hundred twenty days may still not compel a mandamus to issue. The rule may impose upon the trial court the duty to rule upon motions within one hundred twenty days for purposes of efficient court administration. That, however, does not necessarily mean that a corresponding right is created for litigants to force a trial judge to rule upon any motion within one hundred twenty days, regardless of the posture of the litigation. The need for discovery, the issues presented, the possibility of settlement, other motions pending in the case, and even other matters pending before the court could all, inter alia, be sufficient reason for the trial court within its proper discretion not to rule upon a motion within one hundred twenty days. Furthermore, allowing litigants to enforce such a rigid rule risks depriving other litigants of due process, invites gamesmanship in

litigation, and could frustrate the policy of deciding cases on their merits and not on procedural technicalities. *State ex rel. Richard v. Gorman* (Aug. 19, 1992), Cuyahoga App. No. 63333, unreported.

Moreover, a court has inherent power "to regulate procedure that justice may be the result." *Aluminum Indus., Inc. v. Egan* (1938), 61 Ohio App. 111, 115, 14 O.O. 174, 176, 22 N.E.2d 459, 462. Recognizing a litigant's "right" to compel a judge to rule on any motion after the lapse of one hundred twenty days could undermine the court's power. This is not to say that a trial court may leave a motion unresolved indefinitely. Given the proper circumstances, mandamus will lie to compel the exercise of discretion. However, mandamus does not lie to control that discretion, *State ex rel. Butler v. Demis* (1981), 66 Ohio St.2d 123, 20 O.O.3d 121, 420 N.E.2d 116, and in certain instances prematurely compelling a court to rule on a matter would be to usurp a judge's discretion.

*State ex rel. Rodgers v. Cuyahoga Cty. Court of Common Pleas*, 83 Ohio App.3d 684, 685, 615 N.E.2d 689 (8th Dist.1992).

{¶5} Accordingly, we grant the motion to dismiss filed by the Cuyahoga County Court of Common Pleas. Costs to Robinson. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶6} Complaint dismissed.

_____

MARY J. BOYLE, JUDGE

TIM McCORMACK, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR