**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Salem v. Jones*, Slip Opinion No. 2024-Ohio-1718.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-1718

THE STATE EX REL. SALEM, APPELLANT, *v.* JONES, SHERIFF, ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Salem v. Jones*, Slip Opinion No. 2024-Ohio-1718.]**

*Mandamus—Appellant's argument that he had no adequate remedy in ordinary course of law lacked merit—Appellant challenged validity of trial court's nunc pro tunc judgment entry designating him a Tier I sex offender and ordering him to register and report to sheriff in his appeal from trial court's judgment denying his motion to terminate his Tier I sex-offender classification and registration requirements—Court of appeals' judgment affirmed.*

(No. 2023-1264—Submitted April 9, 2024—Decided May 8, 2024.)

APPEAL from the Court of Appeals for Butler County, No. CA2023-04-042.

_____

**Per Curiam.**

{¶ 1} Appellant, Fadi Salem, appeals the Twelfth District Court of Appeals' judgment dismissing his amended complaint for a writ of mandamus against appellees, Butler County Sheriff Richard Jones and Deputy Sheriff Mike Jacobs (collectively, "the sheriff"). Salem seeks a writ ordering the sheriff to enforce a February 2021 judgment of conviction against Salem that does not include a Tier I sex-offender classification. The sheriff has not filed a merit brief but has filed a motion to dismiss this appeal "for failure to state a claim upon which relief can be granted."

{¶ 2} We deny the sheriff's motion to dismiss as an improper filing in an appeal, but we treat the motion's memorandum in support as the sheriff's merit brief. We affirm the court of appeals' judgment, because Salem had an adequate remedy in the ordinary course of the law precluding relief in mandamus.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Salem's Conviction

{¶ 3} In February 2021, Salem was convicted in the Butler County Area III Court of third-degree-misdemeanor sexual imposition under R.C. 2907.06(A)(1). The trial court issued a judgment entry of conviction through which it sentenced Salem to a suspended 60-day jail sentence, a $500 fine, 30 days of house arrest, and two years of probation.

{¶ 4} Under R.C. 2950.01(E)(1)(a), any person who is convicted of sexual imposition under R.C. 2907.06 is a Tier I sex offender. And under R.C. 2950.03(A)(2), at the time of sentencing, the sentencing judge "shall provide [notice of sex-offender registration duties]" to any person who is sentenced for a sexually oriented offense on or after January 1, 2008, and who is not sentenced to confinement. During Salem's sentencing hearing, the trial court provided notice to Salem of his registration requirements as a Tier I sex offender and confirmed on the record Salem's understanding of those requirements. The court advised Salem

that he was required to meet with Deputy Jacobs and to report on an ongoing basis and that he could be charged with a felony if he failed to comply with the registration and reporting requirements. The judgment entry of conviction, however, did not state that Salem's conviction rendered him a Tier I sex offender.

{¶ 5} Salem filed a timely notice of appeal of his sexual-imposition conviction. But before his appeal was decided on the merits, Salem filed a motion to voluntarily dismiss it. The court of appeals granted that motion and dismissed the appeal.

## B. Salem Moves to Terminate His Tier I Sex-Offender Classification

{¶ 6} In September 2022, Salem filed in the trial court a motion under R.C. 2950.15(B) to terminate his Tier I sex-offender classification and registration requirements. Salem argued that the February 2021 judgment entry of conviction did not impose a Tier I sex-offender classification. Thus, Salem argued, the Tier I classification and associated registration requirements were not part of his sentence. He asked the court "to terminate his Tier I classification and Tier I registration requirement that the Sheriff is unlawfully enforcing."

{¶ 7} Following a hearing, the trial court denied Salem's motion to terminate his Tier I sex-offender classification and registration requirements. In a nunc pro tunc judgment entry issued the same day as the judgment entry overruling Salem's motion, the court designated Salem a Tier I sex offender and ordered that he register and report to the sheriff in accordance with R.C. 2950.04. The nunc pro tunc judgment entry addressed only the Tier I sex-offender classification; it did not restate the terms of the February 2021 judgment entry of conviction.

{¶ 8} Salem appealed the trial court's denial of his motion to terminate his Tier I classification and registration requirements and the nunc pro tunc judgment entry to the Twelfth District. The court of appeals rejected Salem's arguments, holding that (1) the record of the sentencing hearing shows that the trial court provided Salem with the required notice of his Tier I sex-offender classification and

registration requirements and (2) the trial court was permitted to issue a nunc pro tunc judgment entry reflecting imposition of the Tier I classification, because Salem had not yet completed his sentence. *State v. Salem*, 12th Dist. Butler No. CA2023-01-002, 2023-Ohio-2914, ¶ 21-29.

### C. Salem Files This Mandamus Action

{¶ 9} While his appeal to the Twelfth District was pending, Salem filed in that court a complaint for a writ of mandamus, which he later amended. He named Sheriff Jones and Deputy Jacobs as respondents. In the amended complaint, Salem asked for a writ "compelling [Sheriff Jones and Deputy Jacobs] to perform their duty to enforce the initial judgment with no Tier I sanction." Salem's theory was that the sheriff cannot enforce the Tier I sex-offender registration requirements against him because no Tier I classification was imposed in the February 2021 judgment entry of conviction.

{¶ 10} The sheriff filed a motion to dismiss Salem's mandamus complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, which Salem opposed.[1] The sheriff raised two arguments supporting dismissal of the complaint: (1) Salem was not entitled to a writ of mandamus, because he had an adequate remedy in the ordinary course of the law—namely, the appeal he had commenced in the court of appeals concerning the trial court's denial of his motion to terminate and the nunc pro tunc judgment entry; and (2) the court of appeals lacked jurisdiction over the mandamus claims because the relief actually sought in Salem's mandamus complaint was a prohibitory injunction. The court of appeals granted the motion to dismiss, holding that Salem's appeal in *Salem*, 2023-Ohio-2914, was an adequate remedy that precluded relief in mandamus.

---

1. The sheriff moved to dismiss Salem's original complaint before the amended complaint was filed. The court of appeals treated the motion to dismiss as applying to the amended complaint. Salem does not raise any error in this appeal regarding the court of appeals' treatment of the motion to dismiss as applying to the amended complaint.

**{¶ 11}** Salem appealed to this court as of right. He filed a merit brief, but the sheriff did not. The sheriff instead filed a motion to dismiss this appeal for "failure to state a claim upon which relief can be granted." In that motion, the sheriff raises the same arguments that were raised in the motion to dismiss filed by the sheriff in the court of appeals. Salem opposes the sheriff's motion to dismiss.

## II. ANALYSIS

### A. Motion to Dismiss

**{¶ 12}** The motion to dismiss filed by the sheriff in this court argues that the complaint Salem filed in the court of appeals failed to state a claim upon which relief could be granted. Salem's response to the motion to dismiss addresses the legal arguments raised in the sheriff's motion.

**{¶ 13}** The sheriff's filing a motion to dismiss in this appeal was improper, because a motion to dismiss for failure to state a claim upon which relief can be granted "has no place in an appeal," *State ex rel. Soley v. Dorrell*, 69 Ohio St.3d 514, 515, 634 N.E.2d 215 (1994). Accordingly, we deny the sheriff's motion to dismiss. However, we treat the motion's memorandum in support as a brief on the merits, and we treat Salem's response to the motion as Salem's reply brief. *See id.* (granting a motion to strike a motion to dismiss filed in an appeal to this court but treating the memorandum in support of the motion to dismiss as a merit brief).

### B. Dismissal of Salem's Mandamus Action

**{¶ 14}** This court reviews de novo a court of appeals' dismissal of a mandamus action under Civ.R. 12(B)(6). *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8. To prevail in his mandamus action, Salem must establish by clear and convincing evidence that (1) he has a clear legal right to the requested relief, (2) the sheriff has a clear legal duty to provide it, and (3) Salem lacks an adequate remedy in the ordinary course of the law. *Id.* at ¶ 9.

{¶ 15} The court of appeals dismissed Salem's mandamus complaint, concluding that he had an adequate remedy in the ordinary course of the law—namely, his appeal from the trial court's judgment denying his motion to terminate his Tier I sex-offender classification and registration requirements and the corresponding nunc pro tunc judgment entry imposing the Tier I classification. Indeed, this court and the courts of appeals have considered on the merits appeals from trial-court judgments denying R.C. 2950.15 motions to terminate Tier I sex-offender classifications. *See, e.g.*, *State v. Schilling*, 172 Ohio St.3d 479, 2023-Ohio-3027, 224 N.E.3d 1126, ¶ 12, 19, 39, *affirming in part and reversing in part State v. Schilling*, 2022-Ohio-1773, 189 N.E.3d 405 (1st Dist.); *Salem*, 2023-Ohio-2914, at ¶ 1; *State v. Brownlee*, 2d Dist. Greene No. 2008-CA-105, 2009-Ohio-5396, ¶ 1, 3.

{¶ 16} Regardless, Salem disputes the court of appeals' holding that he had an adequate remedy by way of appeal. He argues he could not appeal the trial court's nunc pro tunc sentencing judgment that accompanied the denial of his motion to terminate the Tier I classification, because the nunc pro tunc entry did not contain all aspects of his sentence, in violation of the "one-document" rule established in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, which provides that "[o]nly one document can constitute a final appealable order," *id.* at ¶ 17. Even if correct, Salem's argument that he had no adequate remedy lacks merit because Salem could—and did—raise the validity of the trial court's nunc pro tunc judgment entry in his appeal from the trial court's judgment denying his motion to terminate his Tier I sex-offender classification and registration requirements. *Compare State ex rel. Ward v. Reed*, 141 Ohio St.3d 50, 2014-Ohio-4512, 21 N.E.3d 303, ¶ 11-12 (holding that mandamus relief was precluded because the claimant could have challenged a nunc pro tunc judgment entry under *Baker* in his appeal from the trial court's judgment denying his motion to correct his sentencing entry). The fact that Salem's appeal was unsuccessful

does not render that remedy inadequate.  *See State ex rel. Peoples v. Johnson*, 152 Ohio St.3d 418, 2017-Ohio-9140, 97 N.E.3d 426, ¶ 11.

### III.  CONCLUSION

**{¶ 17}** We deny the sheriff's motion to dismiss but treat the memorandum in support of that motion as the sheriff's merit brief.  And we affirm the judgment of the Twelfth District Court of Appeals.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

—————————

Michael T. Gmoser, Butler County Prosecuting Attorney, and Kevin J. Gerrity, Assistant Prosecuting Attorney, for appellees.

Repper-Pagan Law, Ltd., and Christopher J. Pagan, for appellant.

—————————