[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Wright v. Madison Cty. Mun. Court*, Slip Opinion No. 2026-Ohio-1389.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-1389

THE STATE EX REL. WRIGHT, APPELLANT, *v.* MADISON COUNTY MUNICIPAL COURT, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Wright v. Madison Cty. Mun. Court*, Slip Opinion No. 2026-Ohio-1389.]

*Mandamus—Petition failed to state valid mandamus claim—Appellant possessed adequate remedy in ordinary course of law to challenge conviction he seeks to vacate—Court of appeals' dismissal affirmed.*

(No. 2025-1393—Submitted February 10, 2026—Decided April 21, 2026.)

APPEAL from the Court of Appeals for Madison County, No. CA2025-08-023.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Ramone Wright, appeals the Twelfth District Court of Appeals' dismissal of his petition for a writ of mandamus against appellee, the Madison County Municipal Court. Wright requested a writ to compel the municipal court to vacate his prior conviction in that court for a traffic violation that he contends he did not commit. Because Wright's petition failed to state a valid mandamus claim, we affirm the Twelfth District's judgment of dismissal.

{¶ 2} The municipal court filed in this court a motion to dismiss Wright's appeal, to which Wright did not respond. We deny that motion as procedurally improper; however, we treat the accompanying memorandum as a brief on the merits.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 3} Wright filed this mandamus action in the Twelfth District on August 13, 2025. The petition pertained to a traffic citation that Wright received in Madison County. Wright alleged that at the time he was cited for the traffic violation at issue, he was already being held "without bond" in the Tri-County Regional Jail for a separate offense. Thus, he contended that he was "actual[ly] innocen[t]" of the traffic charge, apparently because it would have been impossible for him to commit the traffic violation while he was already incarcerated. Wright further alleged that he lacked an adequate remedy in the ordinary course of law because his time to appeal the conviction for the traffic violation had expired. Based on these allegations, Wright requested an order compelling the municipal court to "[inspect] the record" and "dismiss [the] conviction" for the traffic violation.

{¶ 4} The municipal court filed a motion to dismiss in the Twelfth District, arguing primarily that Wright's petition was barred by the doctrine of res judicata because he had previously filed a mandamus action in which, the municipal court claimed, Wright had sought similar relief. The motion also noted, however, that

Wright had "failed to assert any reason as to why he could not have filed an appeal to the . . . conviction."

{¶ 5} The Twelfth District declined to dismiss the petition on res judicata grounds, because Wright's prior mandamus action pertained to a different underlying conviction. But the court nevertheless granted the motion to dismiss, concluding that Wright had possessed an adequate remedy in the ordinary course of law by way of direct appeal or a motion for postconviction relief. Wright now appeals as of right.

{¶ 6} After Wright filed his merit brief in this court, the municipal court filed a motion to dismiss the appeal. In its memorandum in support of that motion, the municipal court argues that Wright could have directly appealed his conviction and that his failure to timely appeal "'does not render the remedy inadequate,'" quoting *In re Estate of Davis*, 1996-Ohio-347, ¶ 5. The municipal court did not file a separate merit brief, and Wright did not file a response to the motion to dismiss.

## II. ANALYSIS

### A. The municipal court's motion to dismiss

{¶ 7} As an initial matter, the municipal court's motion to dismiss the appeal is procedurally improper because "a motion to dismiss for failure to state a claim upon which relief can be granted 'has no place in an appeal,'" *State ex rel. Salem v. Jones*, 2024-Ohio-1718, ¶ 13, quoting *State ex rel. Soley v. Dorrell*, 1994-Ohio-103, ¶ 7. We therefore deny the municipal court's motion; however, we treat the motion's memorandum in support as a brief on the merits. *Id.*, citing *Soley* at ¶ 7.

### B. The Twelfth District correctly dismissed Wright's petition

{¶ 8} We review de novo a decision granting a motion to dismiss for failure to state a claim. *State ex rel. Sands v. Culotta*, 2021-Ohio-1137, ¶ 11. To be entitled to a writ of mandamus, Wright must establish a clear legal right to the requested relief, a clear legal duty on the part of the municipal court to provide it,

and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Casey v. Brown*, 2023-Ohio-2264, ¶ 15. For a court to dismiss a mandamus complaint for failure to state a claim upon which relief can be granted, "it must appear beyond doubt from the complaint that the relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true, and all reasonable inferences are made in the relator's favor." *Sands* at ¶ 11.

{¶ 9} Here, the Twelfth District correctly concluded that Wright had possessed an adequate remedy in the ordinary course of the law to challenge his conviction. As the municipal court notes, Wright is seeking extraordinary relief based on arguments that he could have and should have raised on direct appeal, *see Shoop v. State*, 2015-Ohio-2068, ¶ 9. The fact that Wright may have failed to timely pursue an appeal "'does not make that remedy inadequate,'" *State ex rel. Schneider v. N. Olmsted City School Dist. Bd. of Edn.*, 1992-Ohio-126, ¶ 11, quoting *State ex rel. Cartmell v. Dorrian*, 11 Ohio St.3d 177, 178 (1984).

### III. CONCLUSION

{¶ 10} Because Wright possessed an adequate remedy in the ordinary course of law to challenge the conviction he now seeks to vacate, we affirm the Twelfth District Court of Appeals' judgment dismissing his mandamus petition. We also deny the municipal court's motion to dismiss Wright's appeal.

Judgment affirmed.

_____

Ramone L. Wright, pro se.

Nicholas A. Adkins, Madison County Prosecuting Attorney, and Rachel M. Price and Michael S. Klamo, Assistant Prosecuting Attorneys, for appellee.

_____