ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Eric D. Tate, is the defendant in State v. Tate,
Cuyahoga County Court of Common Pleas Case No. CR-403489, which is assigned to respondent judge. Relator requests relief in mandamus to compel respondent to rule on Tate's motion to correct sentence filed on Case No. CR-403489 on August 12, 2004. Tate requests relief in prohibition to correct the sentence because he contends that respondent lacked the jurisdiction to enter Tate's sentence without imposing a fine.
 {¶ 2} Tate pled guilty to one count of possession of drugs and the court of common pleas nolled the remaining counts (including preparation of drugs for sale, possession of criminal tools and having a weapon under disability). Respondent imposed a prison sentence of a mandatory 10 years as well as post-release control. Tate argues, however, that the sentence was void because respondent did not impose a mandatory fine.
 {¶ 3} Respondent has filed a motion for summary judgment attached to which is a copy of the docket in Case No. CR-403489. The docket reflects that respondent denied Tate's motion to correct sentence by entry received for filing on January 24, 2005. Although Tate now concedes that his request for relief in mandamus is moot, he persists in his contention that he is entitled to relief in prohibition to order the court of common pleas "to correct the sentence entered without statutory jurisdiction." Relator's Reply to Respondents Answer to Original Complaint for Prohibition. Tate argues that the court of common pleas was patently and unambiguously without jurisdiction to impose a sentence which did not include what Tate refers to as a mandatory fine. He requests that this court issue a writ of prohibition ordering respondent to correct Tate's sentence.
 {¶ 4} Prohibition is not appropriate to correct errors. State ex rel.Tubbs Jones v. Suster, 84 Ohio St.3d 70, 78, 1998-Ohio-275,701 N.E.2d 1002. Despite Tate's arguments to the contrary, his request for relief in prohibition is essentially an effort to use an original action as a substitute for an appeal. As a consequence, we deny Tate's request for relief in prohibition.
 {¶ 5} The complaint also manifests various defects. R.C. 2969.25(A) requires that an inmate who commences a civil action must file an affidavit describing each civil action or civil appeal filed within the previous five years. Although Tate did file an "affidavit mandated by R.C. § 2969.25," he
"* * * did not file an R.C. 2969.25(C) certified statement by hisprison cashier setting forth the balance in his private account for eachof the preceding six months.' State ex rel. Hunter v. Cuyahoga Cty. Courtof Common Pleas (2000), 88 Ohio St.3d 176, 177, 724 N.E.2d 420, 421. As aconsequence, we deny relator's claim of indigency and order him to paycosts. Id. at 420."
 {¶ 6} State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, at 3-4. Likewise, in this action, we deny relator's claim of indigency and order him to pay costs. Additionally, "[t]he failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Board (1998),82 Ohio St.3d 421, 696 N.E.2d 594 and State ex rel. Alford v. Winters
(1997), 80 Ohio St.3d 285, 685 N.E.2d 1242." State ex rel. Hite v.State, Cuyahoga App. No. 79734, 2002-Ohio-807, at 6.
 {¶ 7} Tate "also failed to include the address of the parties in the caption of the complaint as required by Civil Rule 10 (A). This may also be grounds for dismissing the action. State ex rel. Sherrills v. State
(2001), 91 Ohio St.3d 133, 742 N.E.2d 651." State ex rel. Hall v.Calabrese (Aug. 16, 2001), Cuyahoga App. No. 79810, at 2.
 {¶ 8} Accordingly, respondent's motion for summary judgment is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ denied.
Sweeney, J., concurs
 McMonagle, J., concurs