[Cite as *State v. Johnson*, 2022-Ohio-179.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2021 CA 0011 |
| CHARLES JOHNSON | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  2015 CR 432


JUDGMENT:                    Dismissed


DATE OF JUDGMENT ENTRY:      January 25, 2022


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

GARY BISHOP                         GLORIA L. SMITH
PROSECUTING ATTORNEY                GLORIA L. SMITH, LLC
VICTORIA MUNSON                     670 Meridian Way
ASSISTANT PROSECUTOR                # 188
38 South Park Street                Westerville, Ohio  43082
Mansfield, Ohio  44902

*Wise, John, J.*

{¶1}   Defendant-Appellant Charles Johnson ("Appellant") appeals his sentence at his resentencing hearing on January 28, 2020. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

### STATEMENT OF THE FACTS AND CASE

{¶2}   On September 11, 2015, Appellant was convicted by a jury of felonious assault and aggravated burglary.

{¶3}   On September 16, 2015, the trial court sentenced Appellant to eight years for the felonious assault and six years for the aggravated burglary to be served consecutively. The trial court also ordered Appellant to pay restitution of $6,140.

{¶4}   On October 14, 2015, Appellant filed a Notice of Appeal arguing ineffective assistance of counsel.

{¶5}   On November 15, 2015, the trial court amended its sentence ordering Appellant to pay restitution totaling $15,287.74.

{¶6}   On May 13, 2016, this Court overruled Appellant's sole assignment of error of ineffective assistance of counsel.

{¶7}   On March 16, 2020, Appellant filed a pro se motion to correct the November 15, 2015 sentencing entry.

{¶8}   On March 24, 2020, Appellee filed a response conceding that Appellant only owed $6,140 of restitution.

{¶9}   On January 28, 2021, the trial court held a resentencing hearing. At the hearing, the trial court continued Appellant's prison sentence, but altered the restitution to $6,140.

**ASSIGNMENT OF ERROR**

{¶10} Appellant timely filed a notice of appeal. He herein raises the following four Assignments of Error:

{¶11} "I. APPELLANT WAS DEPRIVED OF HIS RIGHT TO COUNSEL AT THE RESENTENCING HEARING UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

{¶12} "II. APPELLANT WAS DENIED THE RIGHT OF NOTICE AND AN OPPORTUNITY TO BE HEARD AT THE RE-SENTENCING HEARING IN VIOLATION OF THE DUE PROCESS CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTION.

{¶13} "III. THE TRIAL COURT ABUSED ITS DISCRETION DURING THE RESENTENCING HEARING.

{¶14} "IV. THE SENTENCE IS CONTRARY TO LAW AND IS NOT SUPPORTED BY THE RECORD."

**The Mootness Doctrine**

{¶15} Because it concerns this Court's jurisdiction, we must first determine whether the appeal is moot.

{¶16} "Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions." *State v. Feister*, 5th Dist. Tuscarawas No. 2018 AP 01 0005, 2018-Ohio-2336, ¶18 quoting *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116, 40 S.Ct. 448, 449, 64 L.Ed. 808 (1920), quoting *California v. San Pablo & Tulare R. Co.*, 149 U.S. 308, 314, 13 S.Ct. 876, 878, 37 L.Ed. 747 (1893); *Accord*, *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971). Because

mootness is a jurisdictional question, the question of mootness is one that must be addressed even if the parties do not raise it. *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971).

**{¶17}** Ohio courts have long exercised judicial restraint in cases that are not actual controversies. *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371, 372 (1970). In *Bradley v. Ohio Dept. of Job and Family Services*, 10th Dist. Franklin No. 10AP-567, 2011-Ohio-1388, ¶10, the Tenth District Court of Appeals stated:

> The doctrine of mootness is rooted in the 'case' or 'controversy' language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint." *James A. Keller, Inc. v. Flaherty* (1991), 74 Ohio App.3d 788, 791, 600 N.E.2d 736. "While Ohio has no constitutional counterpart to Section 2, Article III, the courts of Ohio have long recognized that a court cannot entertain jurisdiction over a moot question." *Id.* "It has been long and well established that it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect. It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies." *Fortner v. Thomas* (1970), 22 Ohio St.2d 13, 14, 257 N.E.2d 371. Therefore, an issue is moot when it has no practical significance, being instead merely hypothetical or academic.

{¶18} Although the mootness doctrine has exceptions, none apply in the case at bar. *In re Appeal of Suspension of Huffner from Circleville High School*, 47 Ohio St.3d 12, 546 N.E.2d 1308 (1989), paragraph one of the syllabus (noting the two exceptions to the mootness doctrine are when "the issues are capable of repetition, yet evading review" or the case "involves a matter of public or great general interest").

{¶19} "An appeal is perfected upon the filing of a written notice of appeal. R.C. 2505.04. Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal." *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas* (1978), 55 Ohio St.2d 94, 97, 9 O.O.3d 88, 378 N.E.2d 162.

{¶20} In the case *sub judice*, on September 16, 2015, the trial court sentenced Appellant to fourteen years in prison, five years of mandatory post release control, and restitution in the amount of $6,140.

{¶21} On October 14, 2015, Appellant filed a Notice of Appeal divesting the trial court of its jurisdiction in this matter.

{¶22} On November 25, 2015, the trial court, lacking jurisdiction, amended the amount of restitution in its September 16, 2015 Sentencing Entry to order Appellant to pay restitution of $15,287.74.

{¶23} Thus, because the trial court did not have the jurisdiction to amend Appellant's sentence on November 25, 2015, the amended sentence is vacated and the original sentence from the trial court's sentencing entry on September 16, 2015 is reinstated.

{¶24} As this appeal arises from the trial court's disposition of a Motion to Correct a vacated sentence, we dismiss the appeal as moot.

**{¶25}** For the foregoing reasons, the appeal of the judgment of the Court of Common Pleas of Richland County, Ohio, is dismissed.

By: Wise, John, J.

Gwin, P. J., and

Wise, Earle, J., concur.

JWW/br 0119