[Cite as *State v. Johnson*, 2024-Ohio-44.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| CHARLES JOHNSON, | : | Case No. 2023 CA 0035 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Richland County
Court of Common Pleas, Case No.
2015-CR-432

JUDGMENT:      Vacated and Remanded

DATE OF JUDGMENT:      January 9, 2024

APPEARANCES:

For Plaintiff-Appellee

JODIE SCHUMACHER
Prosecuting Attorney
Richland County, Ohio

By: MARTIN I. NEWMAN
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, Ohio 44902

For Defendant-Appellant

CHARLES JOHNSON, Pro Se
#673-390
P.O. Box 1812
Marion, Ohio 43302

*Baldwin, J.*

{¶1}   The appellant, Charles Johnson, appeals the ruling made by the trial court on May 31, 2023. The appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND THE CASE

{¶2}   On September 11, 2015, the appellant was convicted by a jury of felonious assault and aggravated burglary.

{¶3}   On September 16, 2015, the trial court sentenced the appellant to eight years for the felonious assault and six years for the aggravated burglary to be served consecutively. The trial court also ordered the appellant to pay restitution of $6,140.00.

{¶4}   On October 14, 2015, the appellant filed a Notice of Appeal arguing ineffective assistance of counsel.

{¶5}   On November 15, 2015, the trial court amended its sentence ordering the appellant to pay restitution totaling $15,287.74.

{¶6}   On May 13, 2016, this Court overruled the appellant's sole assignment of error of ineffective assistance of counsel.

{¶7}   On March 16, 2020, the appellant filed a pro se motion to correct the November 15, 2015 sentencing entry.

{¶8}   On March 24, 2020, the appellee filed a response conceding that the appellant only owed $6,140.00 of restitution.

{¶9}   On January 28, 2021, the trial court held a resentencing hearing. At the hearing, the trial court continued the appellant's prison sentence but altered the restitution to $6,140.00.

**{¶10}** On February 2, 2021, the appellant filed a second Notice of Appeal regarding the resentencing.

**{¶11}** On January 25, 2022, this Court dismissed the appeal as the amended sentence was placed on the record when the trial court lacked jurisdiction and reinstated the September 16, 2015 sentence.

**{¶12}** On November 16, 2022, the appellant filed a Motion to Vacate Restitution, which was denied by the trial court on December 6, 2022.

**{¶13}** On January 5, 2023, the appellant filed a Notice of Appeal on the trial court's denial of Appellant's Motion to Vacate Restitution. While this appeal was pending the appellant filed another motion in the trial court to correct his sentence on May 15, 2023. The trial court denied this motion on May 31, 2023.

**{¶14}** On June 7, 2023, this Court affirmed the trial court's denial of Appellant's Motion to Vacate Restitution.

**{¶15}** On June 30, 2023, the appellant filed a fourth Notice of Appeal, this time appealing the trial court's denial of Appellant's Motion to Correct Sentence setting forth the following assignments of error:

**{¶16}** "I. APPELLANT'S SENTENCE IS VOID."

**{¶17}** "II. SENTENCE IS CONTRARY TO LAW AND IS NOT SUPPORTED BY THE RECORD."

### JURISDICTION

**{¶18}** As a preliminary matter, we must determine whether the trial court had jurisdiction to issue the May 31, 2023 judgment entry denying Appellant's Motion to Correct Sentence.

**{¶19}** "With few exceptions, a trial court loses jurisdiction over a case once a notice of appeal is filed." *Middleton v. Luna's Restaurant & Deli, L.L.C.*, 5ᵗʰ Dist. Stark No. 2011-CA-00181, 2012-Ohio-348, ¶11. A trial court's jurisdiction does not extend to matters inconsistent with the appellate court's jurisdiction to review, reverse, modify, or affirm the judgment. *State ex rel. Rock v. School Employees Retirement Board*, 96 Ohio St.3d 206, 2002-Ohio-3957, 772 N.E.2d 1197, ¶8 (per curiam).

**{¶20}** When the May 31, 2023 judgment entry was issued, the case was before the court of appeals on the issue of vacating restitution. Therefore, we find the trial court lacked jurisdiction to proceed on the issue to correct the appellant's sentence. Accordingly, we vacate the judgment in question and remand to the trial court to consider Appellant's Motion to Correct Sentence in light of the fact this Court reinstated the original September 16, 2015 sentence on January 25, 2022.

**{¶21}** Based upon our determination that the trial court lacked jurisdiction, we decline to address the first and second Assignments of Error.

## CONCLUSION

{¶22} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is vacated, and the matter is remanded for further proceedings consistent with this opinion.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.