[Cite as *Krouskoupf v. Anderson*, 2024-Ohio-5723.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| HARRY H. KROUSKOUPF, III | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Relator | : | Hon. John W. Wise, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | Case No. CT2024-0121 |
| | : | |
| JUDGE GERALD V. ANDERSON, II | : | |
| | : | |
| | : | |
| Respondent | : | O P I N I O N |

CHARACTER OF PROCEEDING:       Writ of Prohibition

JUDGMENT:       Dismissed

DATE OF JUDGMENT ENTRY:       December 4, 2024

APPEARANCES:

For Relator:

Harry H. Krouskoupf, III,
Inmate No. A742-651
Noble Correctional Institution
15708 McConnelsville Road
Caldwell, Ohio 43724

For Respondent:

Ronald L. Welch
Prosecuting Attorney Muskingum County Ohio
Mark A. Zanghi
Assistant Prosecuting Attorney
27 N. 5th Street, Suite 201
Zanesville, Ohio 43701

*Delaney, P.J.*

{¶1} On October 7, 2024, Relator Harry. H. Krouskoupf, III filed a Writ of Prohibition. He seeks an order of prohibition ordering the Muskingum County Common Pleas Court to reinstate the July 19, 2019 sentence regarding jail-time credit to reflect the July 23, 2019 journal entry and sentencing transcripts. Respondent Gerald V. Anderson II[1] filed a Motion to Dismiss on October 23, 2024. For the following reasons, we grant Judge Anderson's motion.

## I. Background

{¶2} Krouskoupf has had numerous appeals and at least three prior writs of mandamus. Therefore, we will not review the lengthy procedural history of this case except where it is pertinent to the legal argument presented herein.

{¶3} On July 19, 2019, Krouskoupf withdrew his former not-guilty plea and entered a plea of guilty to the amended count of robbery in violation of R.C. 2911.02(A)(1), a felony of the second degree and an amended count of robbery in violation of R.C. 2911.02(A)(3), a felony of the third degree. In an entry filed on July 23, 2019, the trial court sentenced Krouskoupf to an aggregate prison term of eleven years. The trial court "found, and the parties stipulated that Defendant [Krouskoupf] has five-hundred sixty-four (564) days of jail credit, along with future custody days while the Defendant awaits transportation to the appropriate State Institution."

---

[1] In his Writ of Prohibition, Relator Krouskoupf identifies Judge Mark C. Fleegle as respondent. However, Judge Fleegle retired on September 30, 2024, and Judge Anderson was appointed to the seat effective October 21, 2024.

{¶4} On August 14, 2019, Krouskoupf filed a notice of appeal of his July 23, 2019 sentence.

{¶5} While Krouskoupf's appeal was pending before this Court, on August 27, 2019, and September 9, 2019, the trial court issued amended journal entries after it realized it had miscalculated Krouskoupf's jail-time credit. The August 27, 2019 amended journal entry gave Krouskoupf 0 days of jail-time credit. The September 2019 amended journal entry gave Krouskoupf 70 days of jail-time credit as of March 12, 2018. *State v. Krouskoupf (Krouskoupf VI)*, 2024-Ohio-1823, ¶ 12 (5th Dist.).

{¶6} Thereafter, on March 20, 2020, the Court decided Krouskoupf's appeal affirming the trial court. *See State v. Krouskoupf (Krouskoupf II)*, 2020-Ohio-1220 (5th Dist.). On May 13, 2020, Krouskoupf filed a motion for jail-time credit, arguing he was entitled to 564 days of credit. The trial court overruled the motion on May 20, 2020. Krouskoupf maintains the trial court lacked the authority to amend his sentence by issuing the August 27, 2019, and September 9, 2019 amended journal entries because the trial court had been divested of jurisdiction due to the notice of appeal he filed on August 14, 2019.

## II. Prohibition elements and Civ.R. 12(B)(6) standard

{¶7} To be entitled to a writ of prohibition, Attorney Krouskoupf must establish: (1) Judge Anderson is about to exercise judicial power, (2) the exercise of power is unauthorized by law, and (3) denying the writ would result in injury for which no adequate remedy exists in the ordinary course of law. (Citation omitted.) *State ex rel. Duke Energy Ohio, Inc. v. Hamilton Cty. Court of Common Pleas*, 2010-Ohio-2450, ¶ 16. "If a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition . . .

will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions." *Id.* at ¶ 17, quoting *State ex rel. Mayer v. Henson*, 2002-Ohio-6323, ¶ 12, citing *State ex rel. Dannaher v. Crawford*, 78 Ohio St.3d 391, 393 (1997).

{¶8} "Where jurisdiction is patently and unambiguously lacking, [a relator] need not establish the lack of an adequate remedy at law because the availability of alternate remedies like appeal would be immaterial." *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 2008-Ohio-2637, ¶ 15, citing *State ex rel. Columbus S. Power Co. v. Fais*, 2008-Ohio-849, ¶ 16. "Absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction possesses an adequate remedy by appeal." *State ex rel. Willacy v. Smith,* 78 Ohio St.3d 47, 51 (1997), citing *State ex rel. Fraternal Order of Police, Ohio Labor Council, Inc. v. Franklin Cty. Court of Common Pleas*, 76 Ohio St.3d 287, 289 (1996). Therefore, an available appeal will foreclose relief in prohibition, as extraordinary relief is not available to "circumvent the appellate process." *State ex rel. Lewis v. Moser*, 72 Ohio St.3d 25, 28 (1995).

{¶9} Judge Anderson seeks dismissal of the writ under Civ.R. 12(B)(6). "Dismissal of the petition is proper if it appears beyond doubt, after presuming the truth of all material factual allegations in the petition and making all reasonable inferences in his favor, that Jones is not entitled to extraordinary relief in prohibition. *See State ex rel. Hemsley v. Unruh*, 2011-Ohio-226, ¶ 8." *State ex rel. Jones v. Paschke*, 2022-Ohio-2427, ¶ 5.

### III. Analysis

{¶10} Krouskoupf maintains his criminal conviction was on appeal (*Krouskoupf II*) when the trial court amended his jail-time credit in two amended journal entries filed on August 27, 2019, and September 9, 2019. Krouskoupf claims the trial court was divested of jurisdiction and therefore, did not have jurisdiction to file the two amended journal entries while his appeal was pending. Krouskoupf concludes the amendments to jail-time credit made in these two amended journal entries should be considered void with no legal effect.

> *A. The case law cited by Krouskoupf in support of his argument is distinguishable because this matter concerns jail-time credit and not restitution.*

{¶11} Krouskoupf contends the August 27, 2019, and September 9, 2019 amended journal entries are void because the trial court lacked jurisdiction to issue them. Krouskoupf further maintains void sentences are not precluded from appellate review by principles of res judicata and may be reviewed at any time on direct appeal or by collateral attack. *State v. Fischer*, 2010-Ohio-6238, ¶ 1, *overruled on other grounds*, *State v. Harper*, 2020-Ohio-2913.

{¶12} In support of this argument, Krouskoupf cites two cases arising from the same criminal matter. In *State v. Johnson (Johnson I)*, 2022-Ohio-179 (5th Dist.), the trial court sentenced appellant to fourteen years in prison, five years of mandatory post release control, and restitution in the amount of $6,140. *Id.* at ¶ 20. Appellant appealed on October 14, 2015, thereby divesting the trial court of jurisdiction. *Id.* at ¶ 21. On November 25, 2025, the trial court amended the amount of restitution in its sentencing

entry ordering appellant to pay restitution of $15,287.74. *Id.* at ¶ 22. This Court concluded the trial court did not have jurisdiction to amend the sentencing entry because the case was on appeal. *Id.* at ¶ 23. The Court vacated the amended sentence and reinstated the original sentencing entry issued on September 16, 2015. *Id.*

{¶13} In *State v. Johnson* (*Johnson II*), 2024-Ohio-44 (5th Dist.), this Court again vacated a judgment issued by the trial court on May 31, 2023 that denied appellant's Motion to Correct Sentence. *Id.* at ¶ 20. We concluded the trial court issued its decision while appellant had an appeal pending before this Court on the issue of vacating restitution and therefore, the trial court lacked jurisdiction to proceed on the issue to correct appellant's sentence. *Id.*

{¶14} We find the *Johnson* cases distinguishable. *Johnson* dealt with restitution and the present matter concerns jail-time credit. "[T]he determination of restitution entails a substantive legal decision or judgment and is not merely a mechanical part of a judgment. Restitution is a financial sanction, based on a victim's economic loss, that is imposed by a judge as part of a felony sentence." (Citations omitted.) *State v. Miller*, 2010-Ohio-5705, ¶ 16.

{¶15} However, unlike restitution, "[t]he decision whether to credit pretrial confinement days is simply not part of the sentence." *In re D.S.*, 2016-Ohio-7369, ¶ 20, quoting *State v. Gregory*, 108 Ohio App.3d 264, 268 (1st Dist. 1995). "Credit for jail time is not open to tailoring to the individual case in the same sense as sentencing, because once the *sentence has already been rendered*, the remaining calculation is merely a computation of how much time has been served and how much remains." (Emphasis original.) *Id.*

{¶16} Further, R.C. 2929.19(B)(2)(g)(iii), the statute that addresses jail-time credit, provides, "[t]he sentencing court retains jurisdiction to correct any error not previously raised at sentencing in making a determination under division (B)(2)(g)(i) of this section [the statute that addresses jail-time credit]." Further subsection (iv) of the statute indicates, "[a]n inaccurate determination under division (B)(2)(g)(i) of this section is not grounds for setting aside the offender's conviction or sentence and does not otherwise render the sentence void or voidable."

{¶17} Thus, we conclude jail-time credit is not part of the sentence and the trial court retains jurisdiction to address jail-time credit under R.C. 2929.19(B)(2)(g)(iii). Therefore, the trial court did not lack jurisdiction to address the jail-time credit issue while this matter was pending on appeal.

> B. *The trial court's Judgment Entries amending jail-time credit were not inconsistent with this Court's jurisdiction to review, reverse, modify, or affirm the judgment in State v. Krouskoupf, 2020-Ohio-1220 (5th Dist.).*

{¶18} It is well-settled that when an appeal is taken from a trial court's judgment, the trial court is divested of jurisdiction, except to act in aid of that appeal. (Citations omitted.) *State v. Ellis*, 2023-Ohio-4692, ¶ 31. "Once 'a case has been appealed, the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment.'" (Citations omitted.) *Id.* "[A] notice of appeal only divests the trial court of jurisdiction over that part of the final order, judgment or decree which is sought to be reviewed." (Citation omitted.) *Cramer v. Fairfield Med. Ctr.*, 2008-Ohio-6706, ¶ 18 (5th Dist.). Therefore, the issue here is whether the trial court's amended journal entries addressing jail-time credit were inconsistent with this Court's jurisdiction to reverse, modify or affirm the judgment in *Krouskoupf II*.

{¶19} We find the amended journal entries were not inconsistent. Krouskoupf raised one assignment of error in *Krouskoupf II*. He argued "that his plea was not knowing, intelligent and voluntary because the trial court failed to advise him of the maximum penalty for the prison term that it imposed for his post release control violation." *Krouskoupf*, 2020-Ohio-1220, at ¶10. Krouskoupf did not raise the issue of jail-time credit in this appeal. Therefore, we find the trial court properly exercised its jurisdiction when it issued the two amended journal entries addressing jail-time credit because the issue of jail-time credit was not a matter this Court considered in *Krouskoupf II*.

{¶20} Had Krouskoupf raised the issue of jail-time credit in *Krouskoupf II* we would have reached a different result. For example, in *State v. Erlandsen*, 2002-Ohio-4884 (3rd Dist.), the trial court denied defendant's motion for jail-time credit and defendant appealed. *Id*. at ¶ 2. After defendant filed his appeal, the trial court issued a nunc pro tunc entry granting defendant eight days of jail-time credit. *Id*. The issue on appeal concerned whether the trial court erred in failing to properly calculate the number of days of jail-time credit for time spent in jail. *Id*. at ¶ 3. The court of appeals noted the nunc pro tunc entry was void ab initio as the trial court no longer had jurisdiction to enter any judgment once the appeal was filed. *Id*. at fn. 1.

{¶21} Because Krouskoupf did not challenge the issue of jail-time credit in *Krouskoupf II*, the trial court retained jurisdiction to issue two amended judgment entries addressing jail-time credit while the *Krouskoupf II* appeal was pending before this Court.

### C. *Krouskoupf's writ of prohibition is barred by res judicata.*

{¶22} This Court previously addressed the issue of jail-time credit in a writ of mandamus Krouskoupf filed on February 28, 2022. *See State ex rel. Krouskoupf v. Ohio Dept. of Rehabilitation & Correction*, 2022-Ohio-1310 (5th Dist.). Although Krouskoupf raised different grounds in his mandamus action for challenging the issue of jail-time credit than he raises here in his writ of prohibition, we reach the same conclusion that res judicata bars Krouskoupf's requested relief.

{¶23} In Krouskoupf's mandamus action, we noted the following procedural history that caused us to apply the doctrine of res judicata and deny Krouskoupf mandamus relief. Krouskoupf failed to appeal the denial of his motion for jail-time credit filed on May 13, 2020, even though it was a final, appealable order. *Id.* at ¶ 16. Krouskoupf also failed to appeal the denial of his motion for jail-time credit that he filed on March 15, 2021. *Id.* Instead, he filed a motion requesting reconsideration of his motion for jail-time credit. *Id.* at ¶ 17. The trial court overruled the reconsideration motion and Krouskoupf appealed, which became *Krouskoupf III*. *Id.* In *Krouskoupf III*, this Court found the issues barred by res judicata because they could have been raised on direct appeal, rather than in a reconsideration motion. *Id.*

{¶24} We concluded in the mandamus action:

Krouskoupf's Writ of Mandamus seeks the same relief he was unable to obtain in his two motions for jail-time credit and reconsideration motion. As such, the writ is barred under the doctrine of res judicata. Krouskoupf's writ is also barred because he had an adequate remedy at law. The Ohio Supreme Court has held

the availability of an appeal is an adequate remedy at law sufficient to preclude a writ of mandamus.

(Citations omitted.) *Id.* at ¶ 19.

{¶25} For these same reasons, we find the doctrine of res judicata applies and bars the relief Krouskoupf requests in this writ of prohibition.

### D. A writ of prohibition is not a substitute for an appeal.

{¶26} As noted above, Krouskoupf had two opportunities to appeal the denial of his motions for jail-time credit and he failed to do so. Prohibition is not a remedy that can be used to correct alleged errors. *See State ex rel. Barton v. Cty. Bd. of* Elections, 39 Ohio St.3d 291, 292, quoting *Kelley v. State ex rel. Gellner*, 94 Ohio St. 331 (1916), paragraph three of the syllabus ("Therefore, prohibition is not an appropriate remedy to correct alleged errors or prevent an allegedly erroneous decision stemming from such a review."); *State ex rel. Tate v. Callahan*, 2005-Ohio-1202, ¶ 4 (8th Dist.) ("Prohibition is not appropriate to correct errors. *State ex rel. Tubb Jones v. Suster*, 84 Ohio St.3d 70, 78 (1998)).

## IV.    CONCLUSION

{¶27} For the above reasons, we grant Judge Anderson's Motion to Dismiss. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

MOTION GRANTED.

WRIT OF PROHIBITION DISMISSED.

COSTS TO RELATOR.

IT IS SO ORDERED.


By:  Delaney, P.J.,

Wise, J. and

King, J., concur.