**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Krouskoupf v. Anderson,* **Slip Opinion No. 2025-Ohio-4428.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

**Slip Opinion No. 2025-Ohio-4428**

**KROUSKOUPF, APPELLANT, *v.* ANDERSON, JUDGE, APPELLEE.**

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Krouskoupf v. Anderson,* "Slip Opinion No." 2025-Ohio-4428.]**

*Prohibition—R.C. 2929.19(B)(2)(g)—Judge who sentenced appellant retained jurisdiction to amend judge's calculations of appellant's jail-time credit while his sentence was on appeal—Court of appeals' judgment granting judge's motion to dismiss affirmed.*

(No. 2024-1763—Submitted May 13, 2025—Decided September 25, 2025.)

APPEAL from the Court of Appeals for Muskingum County,
No. CT2024-0121, 2024-Ohio-5723.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DETERS, HAWKINS, and SHANAHAN, JJ. BRUNNER, J., concurred and would also find that the court of appeals improperly used res judicata as an alternative basis for dismissal, *see Jefferson v. Bunting*, 2014-Ohio-3074, ¶ 12-13.

**Per Curiam.**

{¶ 1} Appellant, Harry H. Krouskoupf III, filed a complaint for a writ of prohibition in the Fifth District Court of Appeals against now-retired Muskingum County Court of Common Pleas Judge Mark C. Fleegle, who presided over his 2018 criminal case. Appellee, Judge Gerald V. Anderson II, was appointed to succeed Judge Fleegle, and the Fifth District substituted Judge Anderson as the named respondent. 2024-Ohio-5723, ¶ 1, fn. 1 (5th Dist.). Krouskoupf asserted in his complaint that Judge Anderson acted without jurisdiction when he issued amended journal entries changing Krouskoupf's jail-time credit from 564 days to 70 days. Krouskoupf requested that the Fifth District reinstate the original 564 days of jail-time credit. Judge Anderson filed a motion to dismiss. The Fifth District granted the motion, and Krouskoupf timely appealed to this court. For the following reasons, we affirm the Fifth District's judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Krouskoupf is incarcerated at the Noble Correctional Institution. In 2019, he pleaded guilty to amended counts of robbery in violation of R.C. 2911.02(A)(1), a second-degree felony, and robbery in violation of R.C. 2911.02(A)(3), a third-degree felony. During sentencing, the parties stipulated that the amount of jail-time credit Krouskoupf had accrued was 564 days.

{¶ 3} Krouskoupf timely appealed his sentence. While his appeal was pending, the sentencing court issued two judgment entries amending the initial jail-time credit of 564 days. The court first amended the jail-time credit to zero days before issuing a second entry setting the credit at 70 days.

{¶ 4} In October 2024, Krouskoupf filed a complaint for a writ of prohibition in the Fifth District, contesting the sentencing court's authority to amend his jail-time credit. Krouskoupf asserted in his complaint that the judgment entries amending the amount of jail-time credit modified his sentence and that the sentencing court lacked jurisdiction to modify his sentence after he filed a notice of

appeal. Krouskoupf further asserted that the amended-credit entries are void because the sentencing court lacked jurisdiction to issue them. As relief, he asked the Fifth District to reinstate the initially calculated 564 days of jail-time credit.

{¶ 5} Judge Anderson filed a Civ.R. 12(B)(6) motion to dismiss, arguing that Krouskoupf had failed to state a claim for a writ of prohibition. The Fifth District granted the motion.

{¶ 6} Krouskoupf timely appealed to this court, and both parties have filed merit briefs. Krouskoupf argues that the Fifth District erred in dismissing his case because the sentencing court lacked jurisdiction to alter his sentence by amending his jail-time credit after he appealed his sentence.

## II. ANALYSIS

### A. Standard of review

{¶ 7} We review de novo a lower court's dismissal under Civ.R. 12(B)(6) of an action seeking an extraordinary writ. *State ex rel. Jones v. Paschke*, 2022-Ohio-2427, ¶ 5. "Dismissal of the petition is proper if it appears beyond doubt, after presuming the truth of all material factual allegations in the petition and making all reasonable inferences in his favor, that [the relator] is not entitled to extraordinary relief in prohibition." *Id.* While all factual assertions must be presumed true for purposes of a motion to dismiss, unsupported legal conclusions are not. *See Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 193 (1988).

{¶ 8} To state a claim for a writ of prohibition against a lower court, the relator must show that (1) the lower-court judge is about to exercise or has exercised judicial power, (2) the exercise of that judicial power is unauthorized by law, and (3) denying the writ would result in an injury for which no other adequate remedy exists in the ordinary course of the law. *State ex rel. Gideon v. Page*, 2024-Ohio-4867, ¶ 12. Since Krouskoupf's prohibition complaint contested the prior actions of the sentencing court, he had to show that the sentencing court patently and unambiguously lacked jurisdiction to amend the calculations of his jail-time credit.

*See State ex rel. Rarden v. Butler Cty. Common Pleas Court*, 2023-Ohio-3742, ¶ 10 ("Because [the relator] seeks a writ of prohibition to undo the trial court's previous actions . . . , he must show that the trial court patently and unambiguously lacked jurisdiction to sentence or resentence him."). If the sentencing court patently and unambiguously lacked jurisdiction, then Krouskoupf need not establish the lack of an adequate remedy in the ordinary course of the law. *Id*. at ¶ 11.

**B. The sentencing court retained jurisdiction to amend Krouskoupf's jail time credit while the sentence was on appeal**

{¶ 9} Krouskoupf argues that the Fifth District erred in dismissing his complaint because the sentencing court lacked jurisdiction to amend the calculations of his jail-time credit after he appealed his sentence. He argues that because jail-time credit is part of an offender's sentence, the sentencing court lost jurisdiction to amend his credit once he appealed his sentence. Krouskoupf's argument lacks merit.

{¶ 10} After Krouskoupf filed his appeal, the sentencing court "retain[ed] jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from," *In re S.J.*, 2005-Ohio-3215, ¶ 9. In *In re D.S.*, we held that the calculation of jail-time credit is a computation of the amount of time already served by an offender as of the time that the sentence is rendered. 2016-Ohio-7369, ¶ 20. For that reason, jail-time credit is not part of the sentence. *Id*. An amendment to the amount of jail-time credit under R.C. 2929.14(B)(2)(g)(iii), therefore, "do[es] not affect the offender's judgment of conviction." *State ex rel. Ellis v. Chambers-Smith*, 2024-Ohio-1615, ¶ 12. Simply put, by appealing his sentence, Krouskoupf did not preclude the sentencing court from amending its calculations of his jail-time credit.

{¶ 11} Krouskoupf contends that *D.S.* is not applicable to this case, because it dealt with a juvenile offender. While *D.S.* involved a juvenile offender's pretrial-confinement credit, we held in that case—quoting a First District case that dealt

4

with an adult offender and R.C. Ch. 2929—that "'the decision whether to credit pretrial confinement days is simply not part of the sentence.'" *D.S.* at ¶ 20, quoting *State v. Gregory*, 108 Ohio App.3d 264, 268 (1st Dist. 1995). We reject Krouskoupf's argument that our holding in *D.S.* does not apply to his case.

{¶ 12} Because the sentencing court's judgment entries amending Krouskoupf's jail-time credit did not alter his sentence on appeal, the sentencing court retained jurisdiction to amend the jail-time credit. *See State ex rel. Dobson v. Handwork*, 2020-Ohio-1069, ¶ 17, quoting *S.J.* at ¶ 9 ("both the postjudgment orders modified the very substance of the judgment of sentence under appeal; accordingly, the postjudgment orders here are 'inconsistent with the jurisdiction of the appellate court' and are therefore void"). Therefore, the Fifth District correctly held that the sentencing court retained jurisdiction to amend its calculations of Krouskoupf's jail-time credit while his sentence was on appeal.

## C. R.C. 2929.19(B)(2)(g) provides for a trial court's continuing jurisdiction to make corrections to an offender's jail-time credit

{¶ 13} Krouskoupf also argues that the Fifth District erred in holding that the sentencing court retained continuing jurisdiction under R.C. 2929.19 to correct errors in the calculation of jail-time credit. He argues that R.C. 2929.19(B)(2)(g)(iii) grants a sentencing court continuing jurisdiction only to correct any error in the calculation of jail-time credit not previously raised at sentencing after the offender files a motion in the sentencing court. Krouskoupf is mistaken.

{¶ 14} R.C. 2929.19(B)(2)(g) states that a sentencing court must determine and notify the offender of the amount of jail-time credit calculated based on the amount of time that the offender was already confined for the offense for which the offender is being sentenced. *See* R.C. 2929.19(B)(2)(g)(i). The statute further provides that the sentencing court "retains continuing jurisdiction to correct any error not previously raised at sentencing" with respect to jail-time credit. R.C.

2929.19(B)(2)(g)(iii). An offender "may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination" on the amount of jail-time credit calculated. *Id*. And if the sentencing court changes its determination on the amount of the offender's jail-time credit, "the court shall cause the entry granting that change to be delivered to the department of rehabilitation and correction without delay." *Id*. An inaccurate determination of jail-time credit "is not grounds for setting aside the offender's conviction or sentence and does not otherwise render the sentence void or voidable." R.C. 2929.19(B)(2)(g)(iv).

{¶ 15} The text of the statute grants a sentencing court "continuing jurisdiction to correct any error not previously raised at sentencing." R.C. 2929.19(B)(2)(g)(iii). The statute does not limit the sentencing court's jurisdiction to considering only motions filed by an offender. A court "must accord significance and effect to every word, phrase, sentence, and part of [a] statute," and it must abstain from inserting words into the statute. *State ex rel. Carna v. Teays Valley Local School Dist. Bd. of Edn*., 2012-Ohio-1484, ¶ 18. An unambiguous statute is applied as written. *Id*. at ¶ 20. Because R.C. 2929.19(B)(2)(g) does not limit a sentencing court's continuing jurisdiction to only consider motions filed by an offender, the Fifth District correctly determined that the sentencing court retained continuing jurisdiction under the statute.

### III.  CONCLUSION

{¶ 16} We affirm the Fifth District Court of Appeals' judgment granting Judge Anderson's motion to dismiss Krouskoupf's complaint for a writ of prohibition.

Judgment affirmed.

————————————

Harry H. Krouskoupf III, pro se.

Ronald L. Welch, Muskingum County Prosecuting Attorney, and Mark A. Zanghi, Assistant Prosecuting Attorney, for appellee.

_____